IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN P. VAN HORN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 23-cv-1991-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Sean P. Van Horn, who was sentenced to a 120 months' imprisonment for attempted enticement of a minor, filed the instant habeas corpus action pursuant to 28 U.S.C. § 2255 (Doc. 1). Respondent moves to dismiss the Petition as untimely (Doc. 4). For the following reasons, Respondent's motion is **GRANTED**.

### Background

On June 24, 2020, Van Horn was charged with attempted enticement of a minor. *See United States of America v. Van Horn,* Case No. 20-cr-30066-SMY. He was found guilty following a two-day jury trial. On February 8, 2022, this Court imposed a sentence of 120 months' imprisonment; 15 years of supervised release; a $500 fine; and a $100 special assessment. *Id.* at Docs. 97, 100. Judgment was entered on February 10, 2022. *Id.* at Doc. 100. Van Horn did not appeal his sentence. He filed this action under 28 U.S.C. § 2255 on June 12, 2023.

### Discussion

Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which begins to run from the latest of several possible dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(1)-(3).  Here, the Court entered judgment on February 10, 2022 and Van Horn did not appeal his conviction.  Thus, the judgment became final 14 days after it was entered and the deadline to file a notice of appeal expired.  28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A).  Van Horn's § 2255 motion, filed on June 12, 2023, is clearly untimely.

The § 2255 limitation period is procedural and can be equitably tolled if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999).  Van Horn asserts that in July 2022, a prison staff member was caught attempting to smuggle contraband into the Education Department which resulted in the complete shut down of law library.  When the Education Department reopened, it was only sporadically available for several months afterward.  Van Horn contends that the extended closures prohibited him from using the resources available and properly researching his lawsuit in the prison's law library.

A petitioner's limited resources (including access to the prison library) is not a basis for invoking equitable tolling.  *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (collecting cases); *see also, Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008).  As such, Van Horn has not shown that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition; the 1-year statute of limitations cannot be equitably tolled.

Accordingly, Respondent's motion is **GRANTED**. Van Horn's Petition is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Van Horn has not demonstrated that reasonable jurists would disagree as to the Court's timeliness determination. Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED: August 11, 2025**

**STACI M. YANDLE**
**United States District Judge**